

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,063-01

### EX PARTE ELMER HOWARD WHISENANT, JR., Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. F34688 A IN THE 249TH DISTRICT COURT FROM JOHNSON COUNTY

**KEASLER, J., filed a dissenting statement, in which HERVEY, J., joined.**

## DISSENTING STATEMENT

This application does not warrant a remand for findings of fact and conclusions of law from the habeas court. Howard Whisenant's counsel is gaming the system. He admits as much. This deficiently pleaded application should be denied with a warning to counsel.

Whisenant alleged, among other things, a false-evidence claim. His application contained only conclusory false-evidence claims and did not include affidavits from recanting witnesses. In a motion to remand to the habeas court filed in this Court, Whisenant's counsel said he made a strategic decision not to include the affidavits and

declarations with his application. "If the declarations/affidavits were filed with the writ," he wrote, "Counsel felt the likelihood of not receiving a live hearing would increase greatly. Counsel was waiting for the order designating issues before filing Applicant's evidence." The motion was denied, but done so in a written order that charitably noted that, if he wanted the affidavits to be considered, they should be filed in the convicting court. Counsel followed the advice, and the affidavits were forwarded here. The affidavits are from five of Whisenant's children claiming that a portion of their trial testimony was false. Only one child—Janey Ingram—was a complainant listed in two burglary counts in Whisenant's indictment, and she does not recant her testimony concerning the burglaries.

Even with the affidavits, Whisenant's application, prepared by counsel, does not adequately explain why he is entitled to relief. In his first false-evidence claim he stated as facts in support that "the [children] were pressured and coached by their mother, Applicant's ex-wife, to testify falsely," and that she made up different stories for the children to say. The face of the application does not say what those stories were and what specific testimony was false. He has further failed to make even some showing that he is legally entitled to relief. Like we said in *Ex parte Medina*, proper pleading includes answering the question "How, if at all, was applicant harmed?"[1] Whisenant's application does not explain the falsities, much less why these falsities were material.[2] There is only a conclusory statement that the

---

[1] *Ex parte Medina*, 361 S.W.3d 633, 641 (Tex. Crim. App. 2011).

[2] *Ex parte Weinstein*, 421 S.W.3d 656, 665 (Tex. Crim. App. 2014).

children's "stories had a substantial emotional impact on the jury and contributed to [Whisenant's punishment]." Without a memorandum of law explaining this, we are left only with a bare, conclusory assertion. In doing so, he leaves it to this Court to examine the affidavits, review the entire trial transcript, parse out the allegedly false testimony, and then determine whether the affidavits, if true, are material by evaluating these falsities in light of the entire record. In short, Whisenant's counsel leaves it to us to make his case for his client. We require more in an application and more from habeas counsel.

Remanding this application for further factual development and findings and conclusions rewards counsel's admitted use of a deficient application to increase his chances of receiving an evidentiary hearing—similar behavior that this Court expressly condemned in *Ex parte Medina*. Counsel would do well to avoid this course of representation of habeas applicants in the future; it may not always result in such a favorable outcome, and an applicant's avenue for relief hangs in the balance.

DATE FILED: June 3, 2015

DO NOT PUBLISH